UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAWN M. KESLING,<br><br>        Plaintiff,<br><br>vs.<br><br>ABRAHAM WINGROVE, DANICA COMSTOCK, MATTHEW BUIE, JEREMIAH SCOTT, JAN M. BENNETTS, JILL LONGHURST, ADA COUNTY PUBLIC DEFENDER'S OFFICE, ADA COUNTY SHERIFF'S OFFICE and STATE OF IDAHO,<br><br>        Defendants. | Case No. 1:18-cv-00540-BLW<br><br>**ORDER ON POST-JUDGMENT MOTION TO ALTER OR AMEND JUDGMENT** |

On April 15, 2019, the Court dismissed Plaintiff Shawn Kesling's case without prejudice as being barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Now pending before the Court is Plaintiff's Motion to Alter or Amend Judgment. (Dkt. 9.) Plaintiff now asserts that some of his claims should not be barred because they are based on charges that were dismissed, and that some or all of his civil rights claims raise only procedural issues and do not call into question the validity of some or all the criminal

**ORDER ON POST-JUDGMENT MOTION TO ALTER OR AMEND JUDGMENT- 1**

counts upon which he was convicted. Plaintiff has not fully explained the details of his assertions.

**IT IS ORDERED** that Plaintiff's Motion to Alter or Amend (Dkt. 9) is GRANTED in part, to the extent that he will be permitted to file a motion to amend and an amended complaint. The motion to amend must specifically identify the charges that were dismissed and the claims arising from those charges. The motion must particularly set forth in a clearly distinguishable manner his convictions, the factual basis of those convictions, and any of the claims that he agrees are presently barred by *Heck v. Humphrey* because they call into question those convictions. He must allege facts showing that the claims arising from the dismissed charges are not intertwined with the facts that are the basis for his convictions, and state why the facts supporting the claims upon which he desires to proceed do not call into question the convictions. The motion to amend shall be accompanied by a proposed amended complaint.

**IT IS FURTHER ORDERED** that the amended complaint shall be formatted as follows: For each cause of action against each defendant, Plaintiff shall state the following: (1) the name of the person or entity that caused the alleged deprivation of his constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional provision

(or state law provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met;[1] (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant.

**IT IS FURTHER ORDERED** that Plaintiff should take into consideration the following when deciding upon the defendants to include in his amended complaint.

1. **Prosecutors**

Federal appellate courts have repeatedly ruled that a prosecutor is entitled to absolute quasi-judicial immunity from liability for damages under 42 U.S.C. § 1983 when the alleged wrongful acts were committed by the prosecutor in the performance of an integral part of the criminal judicial process. *See*, *e.g.*, *Robichaud v. Ronan*, 351 F.2d 533, 536 (9th Cir. 1965); *Imbler v. Pachtman*, 424 U.S. 409 (1976). Tasks that are an integral part of the criminal justice process include initiating and pursuing a criminal prosecution, *Imbler*, 424 U.S. at 410, preparing and filing charging documents, *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997), and participating in probable cause hearings, *Burns v. Reed*, 500 U.S. 478 (1991). Nonetheless, because the immunity test is based upon function, a prosecutor has only qualified immunity for "performing investigatory or administrative functions, or [when he] is

---

[1] For example, Plaintiff must allege facts setting forth the elements of a failure to-protect claim or a retaliation claim.

**ORDER ON POST-JUDGMENT MOTION TO ALTER OR AMEND JUDGMENT- 3**

essentially functioning as a police officer or detective." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). In *Bly-Magee v. California*, 236 F.3d 1014 (9th Cir. 2001), the United States Court of Appeals for the Ninth Circuit extended quasi-judicial immunity for attorneys general for conduct related to their state litigation duties in defending state actors in civil suits. The Complaint should clearly state facts showing the type of prosecutorial functions that allegedly resulted in a constitutional violation.

2. **Criminal Defense Attorneys and Public Defenders**

In *West v. Atkins*, 487 U.S. 42 (1988), the United States Supreme Court held that that criminal defense attorneys—even if they are acting as public defenders paid by the government—are not considered "state actors" under § 1983 because, in their unique function, they are not *acting on behalf of* the State:

> Indeed, *Polk County v. Dodson*, [454 U.S. 312 (1981)] … is the only case in which this Court has determined that a person who is employed by the State and who is sued under § 1983 for abusing his position in the performance of his assigned tasks was *not* acting under color of state law. The Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." 454 U.S., at 325, 102 S.Ct., at 453. In this capacity, the Court noted, a public defender differs from the typical government employee and state actor. While performing his duties, the public defender retains all of the essential attributes of a private attorney, including, most importantly, his "professional independence," which the State is constitutionally obliged to respect. *Id.*, at 321-322, 102 S.Ct., at 451. A criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State. *Id.*, at 318- 319, 320, 102 S.Ct., at 450. The Court accordingly concluded that when representing an indigent

**ORDER ON POST-JUDGMENT MOTION TO ALTER OR AMEND JUDGMENT- 4**

> defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of § 1983 because he "is not acting on behalf of the State; he is the State's adversary." *Id.*, at 323, n. 13, 102 S.Ct., at 452, n. 13. *See also Lugar v. Edmondson Oil Co.*, 457 U.S., at 936, n. 18, 102 S.Ct., at 2753, n. 18.

*Id.* at 50 (emphasis added). As a result, Plaintiff cannot bring a civil rights lawsuit against his defense attorney.

    3.    **The County**

In addition, Plaintiff shall include facts showing that he can meet the *Monell* requirements if Plaintiff desires to include a municipality (city or county entity) as a defendant in the amended complaint. To state a claim against a municipality, a pleading must allege that the execution of an official policy or unofficial custom of the municipality inflicted the injury of which the plaintiff complains. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978). That is, "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Under *Monell*, requisite elements of a § 1983 claim against a municipality or private entity performing a state function are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional

violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001).

All policy-based claims must meet the pleading standards clarified by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). That is, mere "formulaic recitation of a cause of action's elements" is insufficient. *Id.* at 555. Without specific factual allegations about (1) what the municipality's policies were; (2) what the policy-makers actually did; and (3) how the policies caused the alleged constitutional violations, a plaintiff has not stated a claim upon which he can proceed.

### 4. The State of Idaho

In addition, the Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state, absent a waiver of sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" may be sued pursuant to 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff should omit the State of Idaho from any amended complaint.

# ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Alter or Amend Judgment (Dkt. 9) is GRANTED in part, as set forth above; the Judgment (Dkt. 8) is VACATED.

2. Plaintiff's amended complaint shall be due within **30** days after entry of this Order. The amended complaint shall follow the guidelines and include the information set forth above.

3. Plaintiff's Motion to Hear and Rule (Dkt. 11) is GRANTED in part with the issuance of this Order.

DATED: September 25, 2019

B. Lynn Winmill
U.S. District Court Judge